IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KRISTEN ENGLE, | Civil Action |
| Plaintiff, | No. |
| v. | |
| HIGHMARK d/b/a PHYSICIAN LANDING ZONE P.C., | |
| Defendant. | JURY TRIAL DEMANDED |

## CIVIL COMPLAINT

Plaintiff, by undersigned counsel files this Civil Complaint and alleges the following:

### I. Jurisdiction

1. The jurisdiction of this Court is invoked pursuant to Section 107 of the Americans with Disabilities Act, 42 U.S.C. §12117(a), incorporating by reference Section 706 of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-5; 28 U.S.C. §§1331, and 1343(a).

2. Plaintiff has satisfied all administrative prerequisites to suit under the ADA in that:

   a. She filed a timely Charge of Discrimination with the Pennsylvania Human Relations Commission and the Equal Employment Opportunity Commission on November 18, 2013 and cross filed with the Pennsylvania Human Relations Commission on November 27, 2013;

   b. The EEOC issued a Notice of Right to Sue on July 2, 2013;

   c. This Complaint is filed within 90 days of receipt of that notice; and

3. Defendant is a covered entity within the meaning of the Americans with Disabilities Act of 1990, 42 U.S.C. §§12111(2), and (5)(A).

### II. Parties

4. Plaintiff Kristen Engle ("Engle") is an adult individual and qualified individual with

a disability who resides at 205 Carnegie Place, Pittsburgh, PA 15208. At all times relevant hereto, she was employed by Defendant Highmark d/b/a Physician Landing Zone P.C.

5. Defendant the Highmark d/b/a Physician Landing Zone P.C. ("Highmark") is a corporation with its principal place of business at 120 Fifth Avenue, Pittsburgh, PA 15222. At all times relevant hereto, Defendant was Engle's employer and a "covered entity" within the meaning of the Americans with Disabilities Act, 42 U.S.C. §§ 12111(2) and 12111(5)(A), and an "employer" within the meaning of the Pennsylvania Human Relations Act, 43 Pa. Cons.Stat.Ann. §955.

### III. Factual Background

6. Engle began working for West Penn Hospital in June 2012 as a surgeon. In anticipation of the West Penn Hospital and Highmark merger, Engle was hired by Highmark with a start date of November 5, 2012.

7. Engle has a history of depression and anxiety. However, these conditions have not prevented her from performing the essential functions of the job as a surgeon.

8. On April 22, 2013, Engle's son was critically injured after being struck by a car while riding his bicycle.

9. This action caused Engle emotional distress and she requested time off to deal with that issue as well as to help her son recover.

10. Defendant insisted Engle be placed short term disability leave

11. Engle was approved for short term disability on began her leave on May 13, 2013.

12. On September 16, 2013 Engle was cleared to return to full duty by her doctor.

13. However, despite Engle's release to work by her doctors, Defendant continued to refuse to return her to work.

14. Defendant contended that Engle incapable of performing the duties of a surgeon.

15. As a result Defendant kept Engle from working until April 15, 2014 when it returned her to work.

## Count I
## ADA Discrimination

16. Plaintiff incorporates by reference the allegations in Paragraphs 1 through 15 as if fully restated herein.

17. Engle is disabled within the meaning of the Americans with Disabilities Act because she is substantially limited from performing one or more major life activities. Moreover Defendant perceived Engle as having such an impairment, and Engle has a record of such an impairment.

18. Engle was able to perform the essential functions of her position with or without reasonable accommodation, and therefore is a qualified individual.

19. Defendant discriminated against Engle in a term, condition or privilege of employment because of his disability and therefore violated 42 U.S.C. §12112(a).

20. Defendant refused to return Engle to her surgeon position for a period of 7 months, September 16, 2013 until April 15, 2014, because of her disability, in violation of 42 U.S.C. § 12112(a).

21. Defendant's violation of the ADA was intentional and with reckless disregard of Engle's federally protected right to be free from discrimination on the basis of her disability.

22. As a direct and proximate result of Defendant's actions Engle has suffered and continues to suffer damages, including but not limited to:

    a. Lost wages and benefits;

    b. Emotional distress, anxiety, humiliation, and inconvenience.

WHEREFORE, Engle demands judgment against Defendant in an amount to be proven at trial, and other legal and equitable relief as the court deems to be proper, plus interest and a reasonable attorney's fee.

### Count II
### ADA Retaliation

23. Plaintiff incorporates by reference the allegations in Paragraphs 1 through 22 as if fully restated herein.

24. Defendant refused to return Engle to her surgeon position in retaliation for requesting a reasonable accommodation, in the form of a leave of absence, under the ADA, in violation of 42 U.S.C. §12203(a).

25. Defendant's refusal to return Engle to her surgeon position was undertaken with malice or reckless indifference to Engle's federally protected right not to be retaliated against for requesting a reasonable accommodation.

26. As a direct and proximate result of Defendant's actions in refusing to return Engle to her surgeon position in retaliation for requesting a reasonable accommodation, she has suffered and continues to suffer damages, including not limited to:

    a. Lost wages and benefits;

    b. Emotional distress, anxiety, humiliation and inconvenience.

WHEREFORE, Engle demands judgment against Defendant in an amount to be proven at trial, and other legal and equitable relief as the court deems to be proper, plus interest and a reasonable attorney's fee.

Respectfully submitted,

**Samuel J. Cordes & Associates**

/S/ Samuel J. Cordes
Samuel J. Cordes
John E. Black, III

Pa.I.D. #54874 (Cordes)
Pa.I.D. #83727 (Black)

245 Fort Pitt Boulevard
Pittsburgh, PA 15222
(412) 281-7991

Attorneys for Plaintiff