# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| ENGLE | : CIVIL ACTION |
|---|---|
| v. | : |
|  | : NO. 14-1192 |
| PHYSICIAN LANDING ZONE | : |

## ORDER-MEMORANDUM

**AND NOW**, this 5th day of May 2017, upon considering Plaintiff's Motion *in limine* to exclude exhibits 16 and 17 (ECF Doc. No. 80), Defendant's response (ECF Doc. No. 87), and finding the declarations at issue are relevant to Defendant's affirmative defense of after-acquired evidence, it is **ORDERED** Plaintiff's Motion (ECF Doc. No. 80) is **DENIED**.

## *Analysis*

Physician Landing Zone elected to not renew Dr. Engle's employment, leading to Dr. Engle suing it for disability discrimination and retaliation under the Americans with Disabilities Act. During discovery, Dr. Engle produced purportedly confidential patient health information which Physician Landing Zone claims she wrongfully retained. Soon after discovering Dr. Engle retained this health information, Physician Landing Zone amended its Answer, pleading the affirmative defense of after-acquired evidence barred Dr. Engle's recovery. The parties eventually agreed Dr. Engle would return the health information along with her sworn declarations swearing she maintained control over the information.

Dr. Engle now moves to exclude the declarations under Federal Rules of Evidence 402 and 403, arguing evidence of Dr. Engle's alleged post-termination misconduct cannot constitute after-acquired evidence. Physician Landing Zone argues the declarations are relevant to its after-

acquired evidence defense because the declarations are direct evidence Dr. Engle took the confidential patient health information.

After-acquired evidence is "evidence of wrongdoing that would have led to termination on legitimate grounds had the employer known about it."[1] According to the Supreme Court in *McKennon v. Nashville Banner Pub. Co.*, the doctrine of after-acquired evidence operates to bar front pay and prohibit reinstatement once an employer discovers sufficiently severe misconduct of its former employee unless "extraordinary equitable circumstances" demand otherwise.[2] In cases where the doctrine applies, a plaintiff can only recover backpay "from the date of the unlawful discharge to the date the new information was discovered." The Court based this holding on "equitable considerations," explaining "[i]t would be both inequitable and pointless to order the reinstatement of someone the employer would have terminated, and will terminate, in any event and upon lawful grounds."[3]

The Court in *McKennon* did not state whether the doctrine applies to post-termination misconduct. Although our Court of Appeals has not ruled on this issue, it noted the Supreme Court in *McKennon* "did not limit [its] general principles . . . to cases involving on-the-job misconduct, instead using the broader term 'wrongdoing.'"[4]

Courts are split on whether the after-acquired evidence doctrine applies to post-termination misconduct of a discharged employee. Some courts find the after-acquired evidence doctrine

---

[1] *McKennon v. Nashville Banner Pub. Co.*, 513 U.S. 352, 362 (1995).

[2] *Id.* at 362–63; *see also Mardell v. Harleysville Life Ins. Co.*, 65 F.3d 1072, 1074 (3d Cir. 1995).

[3] *McKennon*, 513 U.S. at 361–62.

[4] *Mardell*, 65 F.3d at 1074 n.4.

2

applies only to misconduct committed during employment.[5] For example, in *Ryder v. Westinghouse Elec. Corp.*, the district court held *McKennon* presupposes the misconduct occurred during an employer-employee relationship.[6] In *Carr v. Woodbury County*, the district court excluded evidence of post-termination marijuana use as irrelevant to the after-acquired evidence doctrine in part because the "County policies governing employment cannot properly be imposed upon a person after his or her employment has terminated."[7]

The Court of Appeals for the Tenth Circuit similarly found the doctrine inapplicable in a retaliation case where the plaintiff verbally and physically harassed defendant's counsel at an unemployment benefits compensation hearing.[8] The court, relying on equity grounds, held the district court did not err in denying a jury instruction on after-acquired evidence, as the plaintiff's alleged misconduct arose as a "direct result" of the defendant's retaliatory termination of the plaintiff.[9] "[B]alancing of the equities hardly mandates a *McKennon*-type instruction on after-occurring evidence."[10]

Alternatively, the Court of Appeals for the Eighth Circuit held the doctrine could be

---

[5] *See Ryder v. Westinghouse Elec. Corp.*, 879 F. Supp. 534, 537 (W.D. Pa. 1995); *Sigmon v. Parker Chapin Flattau & Klimpl*, 901 F. Supp. 667, 682 (S.D.N.Y. 1995); *Carr v. Woodbury Cty. Juv. Det. Ctr.*, 905 F. Supp. 619 (N.D. Iowa 1995).

[6] *Ryder*, 879 F. Supp. at 537.

[7] *Carr*, 905 F. Supp. at 631.

[8] *Medlock v. Ortho Biotech, Inc.*, 164 F.3d 545, 555 (10th Cir. 1999).

[9] *Id.*

[10] *Id.*

3

applicable to post-termination misconduct "under certain circumstances" depending on equitable considerations.[11] It described what it deemed a "simple illustration" of such circumstances:

> Let us suppose that after the [Federal Aviation Administration] had terminated her, and before the district court granted her equitable relief, [the plaintiff] had been convicted of some crime wholly unrelated to her former position with the [Federal Aviation Administration] and was incarcerated such that reinstatement was now an impossibility. Simple common sense tells us that it would be inequitable to award her front pay in lieu of reinstatement where she had rendered herself actually unable to be reinstated.[12]

The court held the applicability of the after-acquired evidence doctrine depends on the equities of the situation, and "a plaintiff's post-termination conduct is relevant in determining whether a front pay award is available, and if so, in determining the extent of the award."[13]

We agree with the reasoning of the Court of Appeals for the Eighth Circuit and hold Dr. Engle's alleged post-termination misconduct is relevant to the after-acquired evidence doctrine. Her declarations are relevant to the issue of whether she wrongfully retained confidential patient health information under circumstances which would have justified terminating her. As our task today is limited to determining the admissibility of evidence, we express no opinion on whether the doctrine of after-acquired evidence limits recovery in this case, as it remains an affirmative defense which Dr. Engle did not challenge.

_____
KEARNEY, J.

---

[11] *Sellers v. Mineta*, 358 F.3d 1058, 1063 (8th Cir. 2004).

[12] *Id.*

[13] *Id.* at 1063–64.