IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KRISTEN ENGLE, | ) | Case No. 2:14-cv-1192 |
| | ) | |
| Plaintiff, | ) | JUDGE KIM R. GIBSON |
| | ) | |
| v. | ) | |
| | ) | |
| PHYSICIAN LANDING ZONE, | ) | |
| a non-profit corporation, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

Before the Court are three disputes arising from differences in Plaintiff Kristen Engle ("Dr. Engle") and Defendant Physician Landing Zone's proposed jury instructions, proposed verdict forms, and the objections thereto. (*See* ECF Nos. 72, 73, 74, 75, 79, 83, 84.)

This is an employment case in which Dr. Engle alleges that Physician Landing Zone eliminated her employment as a general surgeon because of her disability and/or because she had filed a lawsuit and a charge with the Equal Employment Opportunity Commission against her employer. (*See* ECF No. 115.) Physician Landing Zone denies those claims and contends that there were legitimate business reasons for not continuing Dr. Engle's employment. (*Id.*)

On October 31, 2017, the Court ordered the parties to brief (1) whether Plaintiff's claim for disparate treatment under the Americans with Disabilities Act ("ADA") and the Pennsylvania Human Relations Act ("PHRA") constitutes a "mixed motive" claim[1] or a "pretext" claim[2] and

---

[1] In which case, Model Instruction 9.1.1 of the Model Civil Jury Instructions for the District Courts of the Third Circuit, featuring a "motivating factor" test, is the appropriate instruction.

[2] In which case, Model Instruction 9.1.2, featuring a "determinative factor" test, is the appropriate instruction.

(2) whether Plaintiff has a right to a jury trial for either, both, or neither of Plaintiff's ADA retaliation claim and PHRA retaliation claim. (*See* ECF No. 109.) Both parties timely complied with this Order, each filing briefs on November 3, 2017. (*See* ECF Nos. 110, 111, 112.)

The Court now resolves these issues as follows.

I.      **Model Instruction 9.1.2 is the Appropriate Instruction for Plaintiff's Disparate Treatment Claim**

While the Court recognizes the nebulous nature of the distinction between a "mixed motive" and "pretext" claim under the ADA, the Court need not wrestle with this enigmatic issue.

Defendant offers a cogent argument, supported by credible authority, that the "pretext" instruction of Model Instruction 9.1.2 is appropriate to provide to the jury because the record in this case lacks direct evidence that Defendant was motivated by discriminatory animus. (*See* ECF No. 112 at 1-3.)

Plaintiff, after suggesting that the Model Instruction approach is wrong as a general matter, expressly states that Plaintiff "believes the most appropriate way to proceed in this case is to charge the jury consistent with Model Instructions 9.1.2 and 9.1.7." (ECF No. 111 at 3.)

Therefore, given the parties' agreement that Model Instruction 9.1.2's "pretext instruction" that uses the "determinative factor" test is the appropriate way to proceed in this case and the strong argument in favor of using Model Instruction 9.1.2, the Court will instruct on the basis of Model Instruction 9.1.2.

II.     **Plaintiff Did Not Plead a Retaliation Claim under the PHRA**

The Court agrees with Defendant that Plaintiff's Second Amended Complain (ECF No. 25) did not plead a PHRA retaliation claim in connection with the non-renewal of Plaintiff's

employment. Following Judge Kearney's partial grant of summary judgment in favor of Defendant (*see* ECF Nos. 68, 69), only Count IV and Count V of the Second Amended Complaint remain. Both of these counts relate to the non-renewal of Plaintiff's employment with Defendant. (*See* ECF No. 25 at 6-8.) Moreover, both of these remaining counts clearly and expressly allege violations of only the ADA — this is in sharp contrast to the unequivocal, but-dismissed Count III brought under the PHRA.

Therefore, not only is Plaintiff not entitled to a jury trial for her purported PHRA retaliation claim—no such claim remains before the Court.

### III.    The Plaintiff is Not Entitled to a Jury Trial for her ADA Retaliation Claim

While the Court acknowledges the debatable policy-based appeal of Plaintiff's arguments in favor of a right to jury trial for an ADA retaliation claim (*see* ECF No. 110 at 2-13), the Court is persuaded that the ADA simply does not provide for compensatory or punitive damages for retaliation claims.

The Court agrees with Chief Judge Conti's analysis of the issue in *Sabbrese v. Lowe's Home Centers, Inc.*, 320 F. Supp. 2d 311 (W.D. Pa. 2004). Relying on the United States Court of Appeal for the Seventh Circuit's decision in *Kramer v. Banc of America Securities LLC*, 355 F.3d 961 (7th Cir. 2004), Chief Judge Conti held that "compensatory and punitive damages are not available for ADA retaliation claims" and that "the sole remedy for plaintiff's retaliation claims pursuant to the ADA is equitable relief." *Sabbrese*, 320 F. Supp. 2d at 331, 332. Therefore, Chief Judge Conti concluded that "because plaintiff's sole remedy under his ADA retaliation claim is equitable, plaintiff is not entitled to a jury trial on that claim." *Id.* at 332.

The Court will not now repeat the statutory interpretation completed by the Seventh

Circuit or Chief Judge Conti. However, the Court is persuaded by their analysis and adopts their reasoning as its own.

The Court recognizes that the Third Circuit has not yet addressed this issue and, based on the cases cited by the parties and on the Court's own research, it appears that the Seventh Circuit is the only United States Court of Appeal to have offered robust analysis on this issue.[3] Nevertheless, the district courts in the Third Court appear to have uniformly held that the anti-retaliation provisions of the ADA do not authorize the award of compensatory and punitive damages. *See, e.g., Weaver v. Cty. of* McKean, No. CA 11-254, 2012 WL 1564661, at *6-*7 (W.D. Pa. Apr. 9, 2012), *report and recommendation* adopted, No. 1:11-CV-254-SJM-SPN, 2012 WL 1564617 (W.D. Pa. May 3, 2012) (McLaughlin, J.); *Kozempel v. Grand View Hosp.*, Civil Action No. 10-6839, 2011 WL 1196851, at *3 (E.D. Pa. Mar.30, 2011); *Baker v. PPL Corp.*, Civil Action No. 1:09-CV-0428, 2010 WL 419417, at *7-*8 (M.D. Pa. Jan. 29, 2010) (C.J., Conner); *Shellenberger v. Summit Bancorp., Inc.*, No. CIV.A. 99-5001, 2006 WL 1531792, at *2 (E.D. Pa. June 2, 2006); *Santana v. Lehigh Valley Hosp. & Health Network, et al.*, No. CIV. A. 05-CV-01496, 2005 WL 1941654, at *2 (E.D. Pa. Aug. 11, 2005); *Sabbrese*, 320 F.Supp.2d at 33.

Thus, while federal courts are divided on the question of whether compensatory and punitive damages are available under the ADA's anti-retaliation provision,[4] the Court is

---

[3] In a very brief, per curiam opinion, the Fourth Circuit stated that the plaintiff's "claim that she was entitled to recover compensatory and punitive damages in her trial for violation of the ADA's anti-retaliation provision fails because such relief is unavailable." *Rhoads v. FDIC*, 94 F. App'x 187 (4th Cir. 2004). However, the Fourth Circuit cited to only the Seventh Circuit's decision in *Kramer* without providing any independent analysis or rationale.

[4] Coming to the opposite conclusion of those cases within the Third Circuit cited *supra* are, *inter alia, Lovejoy-Wilson v. NOCO Motor Fuels, Inc.*, 242 F. Supp. 2d 236, 2401-41 (W.D.N.Y. 2003); *Ostrach v. Regents of the Univ. of California*, 957. Supp. 196, 200-01 (E.D. Cal. 1997).

persuaded by the reasoning of *Kramer* and the decisions of the district court opinions of the Third

Circuit. Consequently, the Court holds that Plaintiff is not entitled to a trial by jury on her

retaliation claim. Nonetheless, pursuant to Federal Rule of Civil Procedure 39(c), the Court

chooses to try the issue of liability for the retaliation claim under the ADA with an advisory jury.

A corresponding order follows.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **KRISTEN ENGLE,** | ) | **Case No. 2:14-cv-1192** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE KIM R. GIBSON** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **PHYSICIAN LANDING ZONE,** | ) | |
| **a non-profit corporation,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## ORDER

**NOW**, this 6th day of November 2017, it is **HEREBY ORDERED** as follows:

(1) Unless the evidence presented (or not presented) at the trial in the above-captioned case renders such instruction inappropriate, the Court shall instruct the jury on Plaintiff's disparate treatment claim under the Americans with Disability Act ("ADA") and the Pennsylvania Human Relations Act ("PHRA") under Model Instruction 9.1.2 of the Model Civil Jury Instructions for the District Courts of the Third Circuit.

(2) The Court shall not instruct the jury or otherwise entertain a non-pleaded claim for retaliation under the PHRA.

(3) Plaintiff is not entitled to compensatory damages, punitive damages, or a trial by jury for its retaliation claim under the ADA.

(4) Unless judgment is entered by the Court as a matter of law, the jury in this case shall be asked to decide liability, compensatory damages, and punitive damages for the

disparate treatment claim under the ADA and the PHRA.

(5) The jury will serve in an advisory capacity for the Court as to liability on the retaliation claim under the ADA.

(6) The Court will decide all remaining issues, including the equitable relief, if any, of back pay and front pay for all claims.

BY THE COURT:

KIM R. GIBSON
UNITED STATES DISTRICT JUDGE