## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KRISTEN ENGLE, | ) | Case No. 2:14-cv-1192 |
| | ) | |
| Plaintiff, | ) | JUDGE KIM R. GIBSON |
| | ) | |
| v. | ) | |
| | ) | |
| PHYSICIAN LANDING ZONE, | ) | |
| a non-profit corporation, | ) | |
| | ) | |
| Defendant. | ) | |

### AMENDED ORDER

**NOW**, this 6th day of November 2017, this Court's prior Order (ECF No. 116) is **AMENDED**.

Specifically, references to the Pennsylvania Human Relations Act ("PHRA") in paragraph 2 and paragraph 4 of the Court's prior Order (ECF No. 116) are **STRICKEN**. As amended, the Court **HEREBY ORDERS** as follows:

(1) Unless the evidence presented (or not presented) at the trial in the above-captioned case renders such instruction inappropriate, the Court shall instruct the jury on Plaintiff's disparate treatment claim under the Americans with Disability Act ("ADA") under Model Instruction 9.1.2 of the Model Civil Jury Instructions for the District Courts of the Third Circuit.

(2) The Court shall not instruct the jury or otherwise entertain a non-pleaded claim for retaliation under the PHRA.

(3) Plaintiff is not entitled to compensatory damages, punitive damages, or a trial by jury

for its retaliation claim under the ADA.

(4) Unless judgment is entered by the Court as a matter of law, the jury in this case shall be asked to decide liability, compensatory damages, and punitive damages for the disparate treatment claim under the ADA.

(5) The jury will serve in an advisory capacity for the Court as to liability on the retaliation claim under the ADA.

(6) The Court will decide all remaining issues, including the equitable relief, if any, of back pay and front pay for all claims.

BY THE COURT:

_____
KIM R. GIBSON
UNITED STATES DISTRICT JUDGE