IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KRISTEN ENGLE, | ) | Case No. 2:14-cv-1192 |
| | ) | |
| Plaintiff, | ) | JUDGE KIM R. GIBSON |
| | ) | |
| v. | ) | |
| | ) | |
| PHYSICIAN LANDING ZONE, | ) | |
| a non-profit corporation, | ) | |
| | ) | |
| Defendant. | ) | |

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

### I.  Introduction

On November 6, 7, and 9, 2017, the Court conducted a jury trial in the above-captioned matter. The jury found in favor of Defendant Physician Landing Zone ("PLZ") as to Plaintiff Kristen Engle's ("Dr. Engle") claim for disparate treatment under the Americans with Disabilities Act ("ADA"). (*See* ECF No. 123 ¶ 1.)

However, as established prior to trial, Dr. Engle's claim against PLZ for retaliation under the ADA must be decided non-jury by this Court. (*See* ECF Nos. 116, 117.) Thus, despite the jury's advisory finding in favor of PLZ regarding the retaliation claim (*see* ECF No. 123 ¶ 4), the Court must make its own independent determination as to Dr. Engle's retaliation claim. *See* Fed. R. Civ. P. 52(a).

Based on the evidence and testimony presented during trial and the applicable law, the Court enters the following findings of fact and conclusions of law pursuant to Federal Rule of Civil Procedure 52(a). For the reasons that follow, the Court finds in favor of PLZ.

## II. Findings of Fact[1]

1. PLZ was a non-profit corporation established by Highmark, Inc. in anticipation of the Highmark-West Penn Allegheny Hospital affiliation.

2. Dr. Engle is a general surgeon.

3. Dr. Engle was initially hired by PLZ for a two-year term pursuant to her Physician Employment Agreement, which commenced on November 5, 2012 and continued through November 4, 2014.

4. Upon commencing employment with PLZ, Dr. Engle's work site was West Penn Hospital.

5. Dr. Engle's annual salary, as specified in her Physician Employment Agreement was $350,000.

6. Dr. Engle began working for PLZ in November 2012.

7. Dr. Engle went on medical leave in May 2013 and returned to active employment with PLZ in April 2014.

8. As of 2014, PLZ had been integrated into Allegheny Health Network.

9. Dr. Howard Edington ("Dr. Edington") served as Chairman of Surgery for Allegheny Health Network during the relevant period of time.

10. Dr. Engle's Physician Employment Agreement was scheduled to expire as of November 4, 2014. However, pursuant to paragraph 2 of the Physician Employment Agreement, the contract would automatically renew for an additional year under the

---

[1] The Court finds these facts based on the testimony, exhibits, and other evidence presented at trial.

same terms as the original contract, including the same $350,000 salary, unless either party gave at least 120 days' advance notice of an intent not to renew the Physician Employment Agreement.

11. By letter dated June 25, 2014, Dr. Engle was given written notice stating, in pertinent part, the following:

> Your current Employment Agreement between you and Physician Landing Zone, PC ("PLZ") ends on November 4, 2014. We are very interested in our continued relationship but would like the opportunity to review our contract terms and make adjustments as appropriate. We want you to know we appreciate and fully recognize the service you have provided to your patients and support to the Allegheny Health Network. It is our intent to meet with you to discuss next steps.
>
> In order to explore the above we are required to provide you notice in accordance with Section 2 of your Employment Agreement ("Agreement") with PLZ to not renew our current Agreement, which commenced on November 5, 2012.

12. Dr. Edington sent this letter to Dr. Engle because he was charged with making business decisions on behalf of PLZ.

13. Dr. Edington concluded that Dr. Engle's Physician Employment Agreement, as written, was not appropriate to renew because the compensation of $350,000 was too high for Dr. Engle's productivity and anticipated productivity going forward.

14. Prior to sending the June 25 letter to Dr. Engle, Dr. Edington called Dr. Engle and informed her that she would be receiving a letter and that Dr. Engle should not "panic" because the letter did not preclude the possibility of Dr. Engle continuing to have an employment relationship with PLZ.

15. On September 26, 2014, Dr. Edington and Suzie Mercadante ("Ms. Mercadante"), the

Service Line Vice President, met with Dr. Engle.

16. During that meeting, Dr. Edington told Dr. Engle that PLZ had employed her for two years, spent up to three-quarters of a million dollars, including her salary, on setting up her practice, and that her productivity, as measured by her "RVUs" did not match her current salary of $350,000. Dr. Edington told Dr. Engle that, in order to continue her employment relationship, the $350,000 salary in the existing contract would need to be reduced. Dr. Engle responded by stating that she would not accept a "pay cut."

17. Given Dr. Engle's unequivocal refusal to consider a reduction in compensation from PLZ, Dr. Edington and Ms. Mercadante concluded that the employment relationship with Dr. Engle was not financially viable, especially because of the need for PLZ, as a non-profit corporation, to pay reasonable compensation for its employees and the comparative salaries made by other doctors employed by PLZ. Dr. Edington, thus, decided not to renew Dr. Engle's employment with PLZ.

18. The parties made the following stipulations, which the Court accepts as facts:

   a. Dr. Engle filed a charge of discrimination against PLZ with the Equal Employment Opportunity Commission ("EEOC") in November 2013, which was served on PLZ on or about December 12, 2013.

   b. Dr. Engle filed her initial complaint against PLZ in this civil action on September 4, 2014.

   c. Dr. Engle's charge of discrimination filed with the EEOC and her initial federal court complaint were made under a reasonable, good faith belief that her rights under the ADA were violated.

    d. Dr. Engle is a person with a disability under the ADA.

    e. Dr. Engle is a "qualified individual" under the ADA.

19. Dr. Edington and Ms. Mercadante were aware of Dr. Engle's charge of discrimination with the EEOC and initial complaint against PLZ only through a newspaper article.

20. Dr. Engle's disability, her prior medical leave, her charge of discrimination with the EEOC, and her initial federal complaint were not factors in the decision not to renew Dr. Engle's employment.

21. PLZ's decision not to renew Dr. Engle's employment was based on the legitimate, non-retaliatory business reason that Dr. Engle's salary under the Physician Employment Agreement of $350,000 and the amount of productivity expressly required by the Physician Employment Agreement greatly exceeded her actual rate of productivity and Dr. Engle unequivocally rejected offers to renew her employment at a lower rate of compensation.

22. There was no causal connection between Dr. Engle's filing of a charge of discrimination with the EEOC and PLZ's decision not to renew Dr. Engle's employment upon the expiration of her Physician Employment Agreement.

23. There was no causal connection between Dr. Engle's filing of a federal complaint and PLZ's decision not to renew Dr. Engle's employment upon the expiration of her Physician Employment Agreement.

### III. Conclusion of Law

1. The sole claim before the Court as trier of fact and law is Dr. Engle's claim for retaliation allegedly perpetrated by PLZ against Dr. Engle in violation of the ADA.

2. The alleged retaliatory act at issue is the decision not to renew Dr. Engle's employment with PLZ upon the expiration of the Physician Employment Agreement.

3. To prevail on this claim, Dr. Engle must prove all of the following by a preponderance of the evidence:[2]

   a. Dr. Engle engaged in a protected activity under the ADA;

   b. Dr. Engle was subjected to a materially adverse action at the time, or after, the protected conduct took place.

   c. That there was a causal connection between the protected activity and the materially adverse action.

4. The credible evidence presented at trial clearly demonstrated that PLZ had a legitimate, non-retaliatory reason for not renewing Dr. Engle's employment with PLZ. PLZ did not renew Dr. Engle's employment because her $350,000 compensation under the Physician Employment Agreement and the productivity required by the Physician Employment Agreement vastly exceeded Dr. Engle's actual productivity. Moreover, Dr. Engle's overcompensation greatly exceeded that of other doctors employed by PLZ.

5. The credible evidence presented at trial also clearly demonstrated that there was no causal connection between the non-renewal of Dr. Engle's Physician Employment Agreement and Dr. Engle's filing of a charge of discrimination with the EEOC or the federal complaint in this case.

---

[2] *See* Model Civil Jury Instruction for the District Courts of the Third Circuit 9.1.7.

6. Because the Court has found that Dr. Engle has failed to prove the third element of a retaliation claim under the ADA, i.e., "causal connection," by a preponderance of the evidence, the Court agrees with the jury's advisory verdict and finds that Dr. Engle has not carried her burden on the merits of her retaliation claim.

## IV.   Conclusion

For the reasons set forth above, the Court finds and rules that a verdict is hereby entered in favor of PLZ as to Dr. Engle's retaliation claim.

An appropriate order follows

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KRISTEN ENGLE, | ) | Case No. 2:14-cv-1192 |
| | ) | |
| Plaintiff, | ) | JUDGE KIM R. GIBSON |
| | ) | |
| v. | ) | |
| | ) | |
| PHYSICIAN LANDING ZONE, | ) | |
| a non-profit corporation, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

NOW, this 13th day of November 2017, in accordance with the foregoing Findings of Fact and Conclusions of Law, it is **HEREBY ORDERED** that a verdict in the above-captioned matter is **HEREBY ENTERED** in favor of Defendant Physician Landing Zone as to Plaintiff Kristen Engle's claim for retaliation under the Americans with Disabilities Act.

BY THE COURT:

_____
KIM R. GIBSON
UNITED STATES DISTRICT JUDGE